# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

## CENTRAL DIVISION

| | |
|---|---|
| STATE OF WASHINGTON, et al., Plaintiffs, v. MIGUEL DAVID GEDO, et al., Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:10-cv-429-TC-PMW<br><br>District Judge Tena Campbell<br><br>Magistrate Judge Paul M. Warner |

District Judge Tena Campbell referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1] The court recognizes that Miguel David Gedo ("Gedo") is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Gedo initiated this case by filing a notice of removal of a pending state court action in the Superior Court of the State of Washington in King County ("State Case").[2] Before the court is Elisa Gedo's ("Plaintiff") motion to remand the State Case.[3] After addressing that specific matter, the court will address the issue of designating Gedo as a restricted filer in this district.

---

[1] *See* docket no. 4.

[2] *See* docket no. 3.

[3] *See* docket no. 8.

## ANALYSIS

### Plaintiff's Motion to Remand

Gedo's notice of removal and the attached documents demonstrate that the State Case deals solely with divorce, child custody, and other domestic issues. Consequently, the State Case is not subject to removal under 28 U.S.C. § 1441 because this court does not have subject matter jurisdiction over such issues. *See* 28 U.S.C. § 1441; *Hunt v. Lamb*, 427 F.3d 725, 727 (10th Cir. 2005) ("It is well[ ]established that federal courts lack jurisdiction over the whole subject of the domestic relations of husband and wife, [and] parent and child." (quotations and citations omitted) (second alteration in original)).

Because the State Case is not subject to removal, Plaintiff's motion to remand should be granted and, pursuant to 28 U.S.C. § 1446(c)(4), the State Case should be summarily remanded. If the State Case is so remanded, the court should order the Clerk of the Court to mail a certified copy of the order of remand to the Clerk of the Court in the Superior Court of the State of Washington in King County. *See* 28 U.S.C. § 1447(c).

As a final matter concerning the instant case, the court notes that Gedo is not an attorney, has not retained an attorney, and is proceeding pro se. Nevertheless, he attempts to pursue claims on behalf of his children. Gedo may not pursue claims pro se on behalf of other individuals. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others." (citing 28 U.S.C. § 1654)); *Meeker v. Kercher*, 782 F.2d 153, 154 (10th Cir. 1986) (per curiam) ("We hold that under [rule 17(c) of the Federal Rules of Civil Procedure] and 28 U.S.C. § 1654, a minor

child cannot bring suit through a parent acting as next friend if the parent is not represented by an attorney."); *see also* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel as, by the rules of such courts, respectively, are permitted to manage and conduct causes therein."); Fed. R. Civ. P. 17(c) (dealing with capacity of a minor to sue or be sued).

### Restricted Filer

Based on Gedo's long history as a pro se litigant in this district, the court has determined that it is appropriate to address the issue of designating Gedo as a restricted filer. "'Federal courts have the inherent power to regulate the activities of abusive litigants by imposing carefully tailored restrictions in appropriate circumstances.'" *In re Raiser*, 293 Fed. App'x 619, 620 (10th Cir. 2008) (quoting *Andrews v. Heaton*, 483 F.3d 1070, 1077 (10th Cir. 2007)). "For a restriction on further filing to be appropriate, the court must (1) provide the litigant with notice and opportunity to be heard; (2) set forth 'the litigant's lengthy and abusive history' and (3) provide 'guidelines as to what the litigant may do to obtain . . . permission to file an action.'" *Id*. (quoting *Andrews*, 483 F.3d at 1077) (alteration in original). The court will address each of those three elements in turn.

### 1. Notice and Opportunity to be Heard

This report and recommendation satisfies the notice requirement, and Gedo will be provided with the opportunity to file written objections to it within fourteen days after being served with a copy of it, *see* 28 U.S.C. § 636(b)(1), thereby satisfying the requirement that he be provided with an opportunity to be heard.

## 2. History

Beginning in 2003, Gedo initiated a lengthy and abusive pattern of wasting the court's time and resources. The court will recount that pattern chronologically.

At the outset, the court notes that in every case below except for one, Gedo sought leave from the court to proceed without prepaying his filing fee. *See* 28 U.S.C. § 1915. The sole exception was his payment of a $5 filing fee for an "Expedited Writ of Habias [sic] Corpus."[4] Putting that case aside for the moment, Gedo has been permitted to proceed without prepaying his filing fee in every other case addressed below, with one exception, which will also be addressed below.

In January 2003, Gedo filed a pro se notice of removal of a criminal case brought against him by Orem City, Utah.[5] Orem City objected to the notice of removal, correctly arguing that this court did not have jurisdiction over criminal charges brought against Gedo by Orem City under state criminal statutes. The court agreed and remanded the case pursuant to 28 U.S.C. § 1446(c)(4).

In February 2003, Gedo filed a pro se notice of removal that was substantively identical to the notice of removal he filed in January 2003.[6] The court again concluded that it did not have

---

[4] *Gedo v. State of Utah*, 2:06-cv-767-DAK at docket no. 1.

[5] *See Orem City v. Gedo*, 2:03-cv-15-DAK.

[6] *See State of Utah v. Gedo*, 2:03-cv-171-DAK.

jurisdiction over criminal charges brought against Gedo under state criminal statutes and remanded the case pursuant to 28 U.S.C. § 1446(c)(4).

In March 2003, Gedo filed a pro se notice of removal that was substantively identical to the notices filed in January and February 2003.[7] The court again concluded that it did not have jurisdiction over criminal charges brought against Gedo under state criminal statutes and remanded the case pursuant to 28 U.S.C. § 1446(c)(4).

In April 2003, Gedo filed two separate pro se notices of removal of cases from the State of Washington involving domestic relations.[8] In both cases, the court concluded that it did not have subject matter jurisdiction and remanded pursuant to 28 U.S.C. § 1446(c)(4).

In June 2004, Gedo, filing under the name "David Sanchez, aka Miguel David Gedo," filed a pro se notice of removal of a case from the State of Utah.[9] The court concluded that it did not have subject matter jurisdiction because there was no federal question raised, there was not complete diversity of citizenship, and the amount in controversy did not exceed $ 75,000. Accordingly, the court remanded the case pursuant to 28 U.S.C. § 1446(c)(4).

In September 2004, Gedo filed a pro se notice of removal of what appears to have been a criminal case brought against him by Provo City, Utah.[10] After Gedo failed to respond to two orders to show cause for failure to prosecute, the court dismissed the case.

---

[7] *See State of Utah v. Gedo*, 2:03-cv-172-PGC.

[8] *See Gedo v. Gedo*, 2:03-cv-351-DB; *Gedo v. Gedo*, 2:03-cv-358-DB.

[9] *TPM, Inc. v. Sanchez*, 2:04-cv-525-TS at docket no. 2.

[10] *See Provo City Corp. v. Gedo*, 2:04-cv-902-DB.

In April 2005, Gedo filed a pro se civil rights case against various government entities and individuals related to Pleasant Grove City, Utah.[11] Gedo's complaint was based on a criminal conviction on charges brought against him by Pleasant Grove City. Gedo filed a motion for summary judgment that was denied. Pleasant Grove City and the other defendants then filed their own motion for summary judgment. Gedo did not respond to that motion and, accordingly, it was granted. Judgment was then entered in favor of Pleasant Grove City and the other defendants.

In February 2006, Gedo filed a pro se civil rights case against Orem City and several of its employees.[12] Gedo's complaint was based on a criminal conviction on charges brought against him by Orem City. Orem City and the other defendants moved to dismiss Gedo's complaint, and the court granted their motions. Judgment was then entered in favor of Orem City and the other defendants.

In September 2006, Gedo, who is not an attorney, filed a pro se "Expedited Writ of Habias [sic] Corpus" on behalf of another person, James Gedo.[13] In the caption of that writ, Gedo identified himself as a "Necessary Party and Intervener."[14] The court concluded that there had not been an exhaustion of state remedies and, accordingly, dismissed the expedited writ of habeas corpus without prejudice.

---

[11] *See Gedo v. Pleasant Grove City*, 2:05-cv-363-PGC.

[12] *See Gedo v. Taylor*, 2:06-cv-116-TS.

[13] *Gedo v. State of Utah*, 2:06-cv-767-DAK at docket no. 1.

[14] *Id*.

In October 2006, Gedo filed a pro se notice of removal of a state criminal case brought against James Gedo.[15] Gedo again identified himself as a "Necessary Party and Intervener" on behalf of James Gedo.[16] After Gedo failed to respond to an order to show cause for failure to prosecute, the court dismissed the case.

In February 2007, Gedo filed a pro se notice of removal of a case from the State of Washington involving domestic relations.[17] Gedo alleged that he was representing his own interests, as well as those of his children. The court concluded that the case was not subject to removal and remanded pursuant to 28 U.S.C. § 1446(c)(4). Plaintiff appealed that decision to the United States Court of Appeals for the Tenth Circuit. Because the decision was not reviewable, *see* 28 U.S.C. § 1447(d), the Tenth Circuit dismissed Gedo's appeal.

In February 2008, Gedo attempted to remove a state court case to this court.[18] The court denied his motion for leave to proceed without prepaying his filing fee. Gedo appealed that decision to the Tenth Circuit, which dismissed the appeal. The case was eventually terminated based on Gedo's failure to pay his filing fee. In that case, Gedo again attempted to represent both his own interests and those of James Gedo. Going even further, in the address block at the top of his notice of appeal, Gedo appears to assert that he is an attorney. The relevant portion of that address block provides:

---

[15] *See State of Utah v. Gedo*, 2:06-cv-887-DB.

[16] *Id.* at docket no. 1.

[17] *See State of Utah v. Gedo*, 2:07-cv-62-PGC.

[18] *See Summit Dev. & Mgmt. v. Gedo*, 2:08-mc-128.

**GEDO & GEDO**
**The Title of Liberty** and justice for the abused
**AGGRESSIVE CIVIL RIGHTS LITIGATION**
SPECIALIZING IN GOVERNMENTAL ABUSE OF POWER
PRIVATE LITIGATORS AT LAW NOT FOR HIRE
PRIVATE ATTORNEYS AT LAW NOT FOR HIRE
PRIVATE PROSECUTOR AT LAW NOT FOR HIRE[19]

In June 2008, Gedo brought a pro se civil rights case against more than thirty different employees of various governmental entities.[20] Gedo alleged that he was representing his own interests, as well as those of his children. All of Gedo's claims in that case appeared to relate to domestic relations, including custody of his children. The case was eventually dismissed based on Gedo's failure to respond to an order to show cause for failure to prosecute.

In April 2010, Gedo filed a pro se notice of removal of a case from the State of Washington involving domestic relations.[21] Gedo alleged that he was representing his own interests, as well as those of his children. The court concluded that the case was not subject to removal and remanded the case pursuant to 28 U.S.C. § 1446(c)(4). Plaintiff appealed that decision to the Tenth Circuit. Because that decision was not reviewable, *see* 28 U.S.C. § 1447(d), the Tenth Circuit dismissed Gedo's appeal.

In May 2010, Gedo filed the notice of removal currently before the court, in which he attempts to remove the State Case, which involves domestic relations. Gedo again has alleged

---

[19] *Id*. at docket no. 4.

[20] *See Gedo v. Sevison*, 2:08-cv-438-CW.

[21] *See State of Utah v. Gedo*, 2:07-cv-62-PGC.

8

that he is representing his own interests, as well as those of his children. This court has already concluded that the State Case is not subject to removal, Plaintiff's motion to remand should be granted, and, pursuant to 28 U.S.C. § 1446(c)(4), the State Case should be summarily remanded.

### 3. Proposed Restrictions

Based on the above-referenced history, this court has determined that Gedo is a pro se litigant who has engaged in a long and abusive pattern of wasting a great deal of the court's time and resources. Accordingly, this court recommends designating Gedo as a restricted filer in the United States District Court for the District of Utah. Consistent with restrictions previously imposed by the court that have been upheld by the Tenth Circuit, *see Raiser*, 293 Fed. App'x at 619-622, the court recommends that the following restrictions be imposed on Gedo in any cases in which he is proceeding pro se:

1. Any new civil complaint that Gedo sends to this court will be collected by the Clerk of the Court and sent to a Magistrate Judge for review.

2. The Magistrate Judge will then review the complaint to determine whether it is meritorious and should be filed, or whether it is meritless, duplicative, or frivolous.

3. If the Magistrate Judge determines that the complaint is meritless, duplicative, or frivolous, the Magistrate Judge will forward the complaint to the Chief District Judge for further review.

4. Only with the consent of the Chief District Judge will the complaint be filed.

5. All of Gedo's filings, including any civil complaints he sends to the court for filing, must be certified as provided in rule 11 of the Federal Rules of Civil Procedure.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, **IT IS HEREBY RECOMMENDED** that Plaintiff's motion to remand[22] be **GRANTED** and that, pursuant to 28 U.S.C. § 1446(c)(4), the State Case be summarily remanded. If the State Case is so remanded, the district judge should order the Clerk of the Court to mail a certified copy of the order of remand to the Clerk of the Court in the Superior Court of the State of Washington in King County. *See* 28 U.S.C. § 1447(c).

**IT IS FURTHER RECOMMENDED** that Gedo be designated as a restricted filer in the United States District Court for the District of Utah, as detailed above.

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 1st day of March, 2011.

BY THE COURT:

*[signature]*

PAUL M. WARNER
United States Magistrate Judge

---

[22] *See* docket no. 8.